UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUANTELL J. COLLIER,

                             Petitioner,

v.                                              Case No. 16-CV-682-JPS

JON E. LITSCHER,

                             Respondent.                  **ORDER**

On September 14, 2016, the respondent filed a motion to dismiss the petition. (Docket #12). The petitioner was required to respond within thirty days, but failed to do so, so on October 31, 2016, the Court *sua sponte* granted him a fourteen day extension of time to submit a response. (Docket #14). The Court's order warned that failure to file an opposition may result in sanctions, and would alone be sufficient cause to grant the respondent's motion. *Id.*

On November 2, 2016, the petitioner filed a motion for extension of time to file his response. (Docket #15). He requested a thirty day extension. *Id.* As support for the motion, the petitioner cited that it was his first request for additional time, that habeas corpus law is complex for a *pro se* litigant, and that he "is a hard working citizen taking care of a family who works mostly 12 hour shifts[.]" *Id.* On November 3, 2016, the Court issued an order denying the petitioner's request as moot, as it appeared the earlier *sua sponte* extension and the petitioner's motion simply crossed each other in the mail. (Docket #16). The Court reiterated that no further extensions of time would be granted. *Id.*

Finally, on November 16, 2016, two days after the Court's final deadline for a response, the petitioner filed a notice. (Docket #17). This notice stated that the petitioner would not be filing a response, because he had "misconstru[ed] the respondents dispositive motion as an 'answer[,]' [so] the petitioner was under the impression that he had 60 days" to file a brief in support of the petition. *Id.* He further claimed that his earlier motion for an extension of time explained that very confusion to the Court. *Id.* He asked that the Court provide him until December 14, 2016 to file a response. *Id.*

This timeline shows that the petitioner's failure to file a response is inexcusable. The petitioner has not explained why the initial thirty days allotted to prepare a response were insufficient. The Court nevertheless granted him an extension on its own accord, which he failed utilize. Further, the Court rejects the petitioner's claim of confusion. Lack of legal expertise is no excuse for failing to actually read the documents which are filed; the respondent's motion is captioned "RESPONDENT'S MOTION TO DISMISS[.]" *See Tucker v. Kingston*, 538 F.3d 732, 734-35 (7th Cir. 2008) (*pro se* status, lack of legal expertise, and limited access to legal materials are not adequate grounds to invoke equitable tolling in a habeas case). The Court warned the petitioner of the consequences of not responding to the motion and stated that no extensions of time would be granted. (Docket #14 and #16).

The Court is ultimately left without a response almost three months after the motion to dismiss was filed. The Court must, therefore, address the motion to dismiss as unopposed. Pursuant to this District's Local Rules, that failure alone warranted granting the motion. Civil L. R. 7(b) and (d); (Docket #12 at 6-7). The Court has nevertheless reviewed the motion to dismiss and finds that it has independent merit. The petitioner brings a Fourth Amendment challenge, and these may only be reviewed in a habeas action

if the petitioner was denied a full and fair hearing on the claims. *Monroe v. Davis*, 712 F.3d 1106, 1112-13 (7th Cir. 2013). This is a difficult showing which, by virtue of his failure to respond, the petitioner has not made.

Further, the records provided show that the petitioner received the hearing he was entitled to, just not the one he wanted. *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002) (the petitioner receives a full and fair hearing when "(1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts."). Both the Wisconsin circuit court and court of appeals reviewed the evidence he presented, and both concluded that the police officer's stop was justified. Namely, they found that the petitioner had violated a parking statute and was properly stopped pursuant thereto. (Docket #13-2 at 37-45; Docket #13-5). Those courts did not ignore the petitioner's evidence, but simply reached a different legal conclusion upon analyzing it. Thus, on the records presented, the Court cannot say that the petitioner was denied a full and fair hearing. The motion to dismiss will, therefore, be granted, not only because the petitioner failed to file a response, but further that the unopposed motion to dismiss has merit.

As explained above, the Court must grant the respondent's motion to dismiss and deny the petitioner's petition for a writ of *habeas corpus*. (Docket #12). However, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing

that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition stated valid claims. As a consequence, the Court is compelled to deny a certificate of appealability as to the petitioner's petition.

Finally, the Court closes with some information about the actions that the petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more

than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the respondent's motion to dismiss (Docket #12) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:16-cv-00682-JPS   Filed 12/13/16   Page 5 of 5   Document 18